UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDE COMMERCE, INC., a Delaware corporation,<br><br>            Plaintiff,<br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin corporation, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, an Unincorporated association, and DOES 1 - 100,<br><br>            Defendants. | Civil No.12cv0516 AJB (WVG)<br><br>ORDER GRANTING EX PARTE MOTION TO DENY PROVIDE'S MOTION FOR PARTIAL SUMMARY JUDGEMENT TO ALLOW DISCOVERY<br><br>[Doc. No. 93] |

This matter comes before the Court on Defendant/Counter-Claimant Sentry Insurance A Mutual Company's ("Sentry") ex parte Motion to Deny or Continue Provide Commerce, Inc.'s ("Provide") Motion for Partial Summary Judgment. (Doc. No. 93.) After careful consideration of the parties briefs and arguments, the Court finds a continuance is warranted. For the following reasons, Sentry's Ex Parte Motion to Deny or Continue is GRANTED.

## I. BACKGROUND

The instant action involves an insurance dispute relating to Hartford Fire Insurance Company ("Hartford"), Sentry, and ACE Capital Limited, ACE Capital V Limited, and Brit UW Limited ("Underwriters") coverage for underlying class actions consolidated in this District (collectively "Defendants"). (Doc. No. 1, Ex. A.)  Plaintiff Provide Commerce ("Provide") brought this litigation against all three Defendants seeking defense expenses incurred by Provide in defending two consumer class action law suits consolidated in this District, (1) *In re EasySaver Rewards Litigation*, Case No. 09cv2094 ("*EasySaver*") and (2) *Cox et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11cv2711 ("*Freeshipping*"), as well as a third lawsuit, *Glassybaby, LLC v. Provide Gifts Inc. dba Red Envelope, et al.* Case No. 11cv380 ("*Glassybaby*"). (Doc. No. 84 at 8.)

On February 1, 2012, Provide filed the action in the Superior Court of California, County of San Diego against Hartford, Sentry, Underwriters, and Does 1-100, for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. (Doc. No. 1, Ex. A.)  Underwriters removed the case to this Court on March 1, 2012. (*Id.* at 1).  Sentry filed a timely Answer and Counterclaim on March 27, 2012. (Doc. No. 11.)  Sentry's Counterclaim asserted a claim for reimbursement, rescission, and declaratory relief, among other things.  As against Hartford and Underwriters, Sentry alleged various contribution cross-claims relating to defense fees and costs in the *EasySaver* and *Free Shipping* Litigations. (*Id.*)

On January 31, 2013 Judge Gallo held an Early Neutral Evaluation Conference ("ENE") with counsel and representatives from all parties. (Doc. No. 57.)  The case did not settle; Judge Gallo continued the ENE and stayed all discovery with the exception of "accounting data." (*Id.* at 2.)  The ENE was taken off-calendar as the Parties agreed to private mediation.  However the case failed to settle. The stay on discovery was not lifted, and on December 10, 2013, Judge Gallo ordered that any motions for summary judgment or cross-motions for summary judgment must be filed on or before February 14, 2014. (Doc. No. 79.)  In that same December 10, 2013 Order, Judge Gallo expanded

the scope of discovery to allow the parties to respond to summary judgment motions. (*Id.*) The Parties complied with Judge Gallo's order and each filed their respective Motions for Summary Judgment on the date imposed.

On February 14, 2014, Provide, Sentry, Hartford, and Underwriters all filed motions for summary judgment. (Doc. Nos. 80, 82, 84, and 82 respectively.) In particular, Provide's motion sought a declaration that Sentry owed Provide a duty to defend, breached that duty, and could not avail itself to the rescission defense nor the advantage of Civil Code Section 2860. (Doc. No. 80.) Sentry now asks this Court to deny, continue, or take off calendar Plaintiff/Counter-Defendant Provide's Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d).[1] (Doc. No. 93.)

Oppositions to each of the summary judgment motions were due on March 14, 2014. On March 7, 2014, this Court was notified of Sentry's intent to file a Motion to Continue Provide's Motion for Partial Summary Judgment. Sentry did so that same day. Counsel for Provide contacted the Court, seeking an extension of time to file Provide's Opposition to the Motion to Continue. Finding good cause, the Court granted Provide a week long extension. Provide filed its Opposition on March 14, 2014. (Doc. No. 98.) The Court vacated the briefing schedule for all motions for summary judgment, finding it best to consider all the motions together rather than in piecemeal fashion.

## II. LEGAL STANDARD

Rule 56(d) provides a device for litigants to avoid summary judgment when they have no had sufficient time to develop affirmative evidence. *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "The general principle of Rule 56(f) is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc.*, 232 F.3d 779, 793 (10th Cir.2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5, 106 S.

---

[1] The 2010 Amendments brought former subdivision (f) to subdivision (d) without substantial change. Fed. R. Civ. Proc. 56 advisory committee's note to 2010 Amendments.

Ct. 2505 (1986)). District courts should grant a Rule 56(d) motion "fairly freely" where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case. *Burlington*, 323 F.3d at 773.

Pursuant to Rule 56(d), this Court has the discretion to either deny or continue a motion for summary judgment "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position." Thus, this Court has discretion to continue this motion for summary judgment if opposing party needs to discover essential facts. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir.1990), *cert. denied*, 498 U.S. 1088, 111 S. Ct. 966 (1991). A party must show how additional discovery would preclude summary judgment and why a party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact. *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989). The party requesting a continuance must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

## III. DISCUSSION

In its Motion to Deny or Continue and Affidavit filed in support, Sentry claims it was not afforded an opportunity to conduct discovery since the instant Complaint was filed, as discovery was stayed pursuant to an Order of Magistrate Judge William V. Gallo.[2] Sentry argues it has not been allowed to conduct any formal discover relating to the allegations in Provide's Complaint, Sentry's Counterclaim, and in particular, Sentry's affirmative defenses of rescission and lack of coverage. (Doc No. 93, Declaration of Todd R. Haas ("Haas Decl."))

Specifically, Sentry argues it is improper for this Court to rule on the summary judgment motion without allowing Sentry to seek discovery relating to Provide's

---

[2] Judge Gallo's February 1, 2013 Order permitted only limited discovery of "accounting data," defined as: (1) invoices from attorneys and law firms; (2) payments made by insurance companies to the insureds, attorneys, law firms, and other insurance companies . . . ; (3) payments made by Plaintiff to attorneys and law firms . . . ; (4) attorney generated spreadsheets . . . ; and (5) auditing reports. (Doc. No. 57 at 2.)

allegation on Sentry's breach of the duty to defend based on delay and Sentry's affirmative defenses.  (Haas Decl. at 7-11.)  Provide opposes Sentry's Motion arguing: (1) Sentry's Ex Parte Motion was improper and should have been filed as a noticed motion; (2) Sentry has failed to make the necessary showing to warrant a Rule 56(d) continuance; and (3) Sentry's proposed discovery is impermissible as it may prejudice Provide's defense of the underlying *EasySaver* Litigation. (Doc. No. 98.)  As an alternative, Provide argues that "at a minimum, this Court should rule on Sentry's initial breach of the duty to defend and forfeiture of the rate limitation provisions of Civil Code Section 2860." (Doc. No. 98 at 23.)

As to Provide's first argument, the Court notes and is mindful of Provide's position.  However, the Court must consider the entirety of the situation and the viewpoints of all the parties involved.  First, the Parties' respective Oppositions to all the motions for summary judgment were to be filed on March 14, 2014.  Counsel for Sentry, Mr. Todd Haas, states that he was out of the office since late January due to the declining health of his mother-in-law, who ultimately passed away on February 13, 2014.  (Haas Decl. at 4-5.)  When Mr. Haas returned to work, he immediately contacted counsel for Provide regarding this matter of a continuance.  The Parties engaged in several e-mail communications starting in February 20, 2014.  With the Parties' Opposition deadline approaching, the parties were unable to reach a mutual agreement.  (*Id.* at 5.)  Thus, Sentry found it necessary to file the Ex Parte Motion.  Second, given Sentry's lengthy Motion, Declaration, and Exhibits attached, the Court granted Provide a full week extension to file its Opposition such that Provide would be given a more meaningful opportunity to respond.  Third, the Court disagrees with Provide's contention that Sentry asks this Court to deny Provide's Motion for Partial Summary Judgment based on the merits of the summary judgment motion. (Doc. No. 98 at 7.)  Instead, Sentry's Motion merely asks that the summary judgment motion be denied, continued, or vacated to allow further discovery.  In this respect, a denial without prejudice would be the proper Court

order as this Court cannot consider the merits of a summary judgment record with an incomplete record.

As to Provide's second argument, the Court is satisfied that Sentry has made the necessary showing to grant a motion to continue under Rule 56(d). In the February 20, 2014 Haas letter, counsel for Sentry describes in detail the discovery needed to oppose summary judgment. (Doc. No. 98 ex. 6.) The Court carefully reviewed the letter and given the issues in Provide's summary judgment motion, as well as the various pleadings by all the Parties involved, it is not unreasonable that Sentry needs this discovery to develop Sentry's opposition and theories in the case. The Court also notes the unique procedural posture of the instant litigation. By order of Judge Gallo, the Parties were only permitted to pursue limited discovery of "accounting data" since February 1, 2013. (Doc. No. 57.) Indeed, when the scope of discovery was expanded to allow the parties to respond to summary judgment motions on December, 10, 2013, the Parties only had roughly two months before all motions for summary judgment had to be filed. Given the fact intensive nature of this complicated litigation, the number of parties involved, and the issues brought forth for summary adjudication, the Court does not find a two month period to be sufficient to pursue meaningful discovery. Sentry has shown by affidavit: (1) the facts they hope to elicit from further discover; (2) the facts exists; and (3) these facts are essential to resist Provide's summary judgment motion.

Finally, as to Provide's third argument, the Court will not be allowing Sentry to pursue all the discovery outlined in the Haas letter without guidance or limitations. Instead, the Court will defer to the experience and judgment of Judge Gallo to determine the scope of discovery going forward and time frame to complete discovery. Judge Gallo not only presides over all discovery matters in the instant litigation, but also presided over all the discovery matters in the *EasySaver* Litigation. The Court is confident that Judge Gallo will devise a discovery plan that will address the Parties

needs and limit prejudice to Provide's defense in the *EasySaver* Litigation.[3] Alternatively, as Provide itself recognizes, Provide may seek a stay of this insurer's coverage action to prevent prejudicial discovery pending resolution of the underlying liability claims. (Doc. No. 98 at 22; citing *Haskel, Inc. v. Super. Ct.*, 33 Cal. App. 4th 963, 980 (Cal. Ct. App. 1995)).

The Court denies Provide's request that this Court, at this time, rule on Sentry's initial breach of the duty to defend and forfeiture of the rate limitations in Civil Code Section 2860. The Court is wary of piecemeal adjudication in a complicated insurance dispute such as this. Indeed, ruling on one issue will likely impact another. For the same reasoning, the Court concludes that it is in the best interest of all parties involved to consider all four motions for summary judgment together.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Sentry's Ex parte Motion to Deny Provide's Motion for Partial Summary Judgment to Allow Discovery. (Doc. No. 93) The Court further ORDERS as follows:

1. Provide's Motion for Partial Summary Judgment is DENIED without prejudice, (Doc. No. 80);
2. Underwriter's Motion for Summary Judgment is DENIED without prejudice, (Doc. No. 81);
3. Sentry's Motion for Partial Summary Judgment is DENIED without prejudice, (Doc. No. 82);
4. Hartford's Motion for Summary Judgment is DENIED without prejudice, (Doc. No. 84);
5. The briefing schedule for all motions for summary judgment remains vacated and the hearing, currently scheduled for June 19, 2014, is vacated;

---

[3] The *EasySaver* Litigation is currently on appeal before the Ninth Circuit.

6. Counsel for the Parties must meet and confer IN PERSON[4] within the next thirty (30) days to discuss the discovery and timing to ready this matter for the court to address the summary adjudication issues going forward;

7. Counsel for the Parties must immediately contact Judge Gallo's chambers to schedule a case management conference at the earliest convenient time for Judge Gallo's calendar following the meet and confer period;

8. Any discovery dispute will be directed to Judge Gallo for resolution.

IT IS SO ORDERED.

DATED: March 21, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4]Meet and Confer letters, emails, or other non face to face mediums will not satisfy the Court's directive in this regard. Counsel must also certify in writing to Judge Gallo that this in person meet and confer process has occurred before presenting discovery or scheduling matters to the court.