UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDE COMMERCE, INC., a Delaware corporation,<br><br>   Plaintiff,<br>v.<br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin corporation, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, an Unincorporated association, and DOES 1 - 100,<br><br>   Defendants. | Civil No.12cv0516 AJB (WVG)<br><br>ORDER GRANTING EX PARTE APPLICATION TO SEAL<br><br>[Doc. No. 104] |

   This matter comes before the Court on Provide Commerce, Inc's ("Provide") ex parte application to file under seal portions of its memorandum of points and authorities in support of its motion for stay. (Doc. No. 103.) For the following reasons, the ex parte application to file under seal is GRANTED.

//

//

//

## I. BACKGROUND

The instant action involves an insurance dispute relating to Hartford Fire Insurance Company ("Hartford"), Sentry Insurance A Mutual Company ("Sentry"), and Certain Underwriters at Lloyd's, London ("Lloyd") (collectively "Defendants") coverage for underlying class actions consolidated in this District. (Doc. No. 1, Ex. A.) Provide brought this insurance coverage against these three insurers seeking defense expenses incurred by Provide in defending three lawsuits: (1) *Easy Saver*; (2) *Cox et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11cv2711 ("*Freeshipping*"); and (3) *Glassybaby, LLC v. Provide Gifts Inc. dba Red Envelope, et al.* Case No. 11cv380 ("*Glassybaby*"). (Doc. No. 84 at 8.)

On February 14, 2014, Provide, Sentry, Hartford, as well as Counter Defendant ACE Capital Limited, ACE Capital V Limited, and Brit UW Limited ("Underwriters") each filed Motions for Summary Judgment. (Doc. Nos. 80, 82, 84, and 82 respectively.) On March 7, 2014 Sentry filed a Motion to Continue Provide's Motion for Summary Judgment. After full consideration of the arguments in support and against Sentry's Rule 56(d) motion, the Court in its discretion, denied without prejudice all four Motions for Summary Judgment. (Doc. No. 101.) Given the limited scope of discovery authorized by Magistrate Judge Gallo, this Court found that Sentry made the necessary showing it was not afforded an opportunity to conduct formal discovery relating to the allegations in provide's Complaint and Sentry's Counterclaim.

Provide now seeks an order staying the insurance coverage litigation, arguing Sentry's proposed discovery will prejudice Provide's defense of the *EasySaver* litigation. (Doc. No. 104.) Provide also seeks to file portions of its memorandum of points and authorities under seal.

## II. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally

kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Ninth Circuit has carved out an exception to the presumption of access for a sealed discovery document [attached] to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted. *Id.* at 1179 (internal quotation marks and citations omitted).

A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions where the public has less of a need for access. *Id.* at 1180 ("Specifically, the public has less of a need . . . because those documents are often unrelated, or only tangentially related, to the underlying cause of action.")

## III. DISCUSSION

In support of its application to file under seal, Provide argues that its motion to stay necessarily quotes and discusses Sentry's asserted coverage defenses as pled in its counterclaim, the March 30, 2012 "reservation of rights" letter, and the February 20, 2014 "meet and confer" letter, all of which this Court previously ordered sealed. (Doc. No. 104 at 1.)

As stated by Provide, its motion to stay is a non-dispositive motion, governed by the "good cause" standard. After a thorough review of the application to file under seal, the Court finds that Provide has met its burden of showing good cause. Potions of the memorandum of points and authorities reference information this Court has previously found to have met the "compelling reasons" standard of granting seal. (Doc. No. 99.) Such information relates to internal communications and sensitive commercial information. Moreover, Provide only seeks to seal a limited portion of its points and authorities which directly quotes or summarizes the confidential information. Accordingly, the Court finds that Provide has shown good cause to rebut the presumption of access on this non-dispositive motion to stay.

//
//

//

## IV. CONCLUSION

The ex parte application to file under seal is GRANTED. Provide may file its Motion for Stay with the following sections of its supporting memorandum of points and authorities under seal: page 7, lines 7-15; page 8, lines 13-20; page 9, lines 16-28; page 10, lines 23-28; page 11, lines 9-18; and page 12, lines 7-12 and 16-25. The public redacted version must be filed **no later than May 14, 2014.**

The Clerk of Court is instructed to file the Motion for Stay, currently lodged with the Court, under seal.

IT IS SO ORDERED.

DATED: May 9, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge