# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDE COMMERCE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-516 BAS (WVG)<br><br>**ORDER GRANTING PROVIDE'S MOTION TO STAY (ECF 108)** |

Pending before the Court is Plaintiff Provide Commerce, Inc.'s Motion to Stay this matter. ECF 108. For the following reasons, Provide's motion is **GRANTED**.

## BACKGROUND

Provide has sued Defendant Sentry, along with other insurers, for defense coverage in underlying class action lawsuits. ECF 1. An underlying suit, *In re EasySaver Rewards Litigation*, Case No. 09cv2094 ("*EasySaver*") is currently on appeal in the Ninth Circuit, and, if remanded, will be before this Court.

1  The present suit seeking a declaratory judgment that Sentry has a duty to defend the *EasySaver* litigation, among other causes of action, was initiated in state court on February 1, 2012 and then subsequently removed. *Id*. Thereafter, Sentry filed a counterclaim against Provide and the other defendant-insurers. ECF 11.

On February 14, 2014, Provide, Sentry, and Defendants Hartford Fire Insurance Company and Underwriters at Lloyd's London filed motions for summary judgment. ECFs 80, 82, 84, and 81. Sentry then filed an *ex parte* application to deny Provide's motion for partial summary judgment to allow discovery. ECF 93. The previous court granted the motion, denying without prejudice all outstanding motions for summary judgment on March 21, 2014. ECF 101.

In that Order, the court provided two alternatives to mitigate any prejudicial discovery that could impact the underlying litigation, which is currently on appeal before the Ninth Circuit. First, the court expressed its confidence that "Judge Gallo will devise a discovery plan that will address the Parties needs and limit prejudice to Provide's defense in the *Easysaver* Litigation. Alternatively, as Provide itself recognizes, Provide may seek a stay of this insurer's coverage action to prevent prejudicial discovery pending resolution of the underlying liability claims." ECF 101, 6:26–7:4.

On May 9, 2014, Provide moved to stay the matter until the underlying dispute was resolved. ECF 108. Then, on May 14, 2014, the previous court transferred the matter to this Court. ECF 110. Sentry opposed the motion to stay. ECF 113.

## DISCUSSION

In an insured's suit against an insurer to declare the insurer has a duty to defend the insured in an underlying action, California requires the court to stay the action pending resolution of the third party suit "when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chemical Corp. v.*

*Superior Court*, 6 Cal.4th 287, 301–02. "It is *only* where there is *no* potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 979 (1995) (citation omitted). "When such a potential conflict exists, a district court should enter a stay." *Progressive Cas. Ins. Co. v. Dalton,* 2:12–CV–00713, 2012 WL 6088313, at *11 (E.D.Cal. Dec.6, 2012).

Here, even though the underlying litigation has settled, the settlement is currently on appeal. There is therefore the potential that the settlement may be negated on appeal and the litigation reopened. Sentry seeks to discover evidence of intentional wrongdoing on Provide's part, which would invalidate coverage. If such evidence is adduced, it could also potentially prejudice Provide in the underlying litigation. Because of this potential, the Court must stay the present action.

Accordingly, the Court **GRANTS** Provide's motion to stay the matter. The matter is hereby **STAYED**.  Provide is ordered to file a status update on the pending appeal in sixty (60) days or within ten (10) days of an opinion from the Ninth Circuit, whichever is sooner. Thereafter, if the Ninth Circuit has not ruled, Provide must file a status update every thirty (30) days or within ten (10) days of an opinion from the Ninth Circuit, whichever is sooner.

**IT IS SO ORDERED.**

**DATED: October 7, 2014**

Hon. Cynthia Bashant
United States District Judge