# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDE COMMERCE, INC., | Case No. 12-cv-00516-BAS-WVG |
| Plaintiff, | **ORDER LIFTING STAY** |
| v. | |
| HARTFORD FIRE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This case, which has been pending for over eight years, has been stayed for the past five years. (*See* ECF No. 124.) The Court recently ordered the parties to file a joint status report addressing the status of this case, including when the parties anticipate the stay can be lifted. (ECF No. 153.) The parties responded and provided a summary of procedural issues and arguments concerning the stay. (ECF No. 154.) For the following reasons, the Court determines a stay is no longer appropriate, lifts the stay, and orders the parties to contact the Magistrate Judge's chambers to schedule a case management conference.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue

is dependent upon the circumstances of the particular case.' The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (alteration in original) (citations omitted) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).

The parties are familiar with the facts of this case. In brief, this is an insurance coverage dispute under California state law. Plaintiff Provide Commerce seeks damages under an insurance policy issued by Defendant Sentry Insurance for costs Provide incurred while defending *In re Easysaver Rewards Litigation*, 09-cv-2094-BAS-WVG (S.D. Cal. Filed Sept. 24, 2009) ("Underlying Action").[1] In the Underlying Action, the plaintiff consumers allege, among other things, that Provide defrauded them through operation of its online rewards program.

Sentry filed a Counterclaim against Provide. Then, a few years into this litigation, Provide moved to stay the action under the California Supreme Court's decision in *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993). (ECF No. 108.) In *Montrose*, the California Supreme Court determined a stay is "appropriate" where factual issues in the coverage action overlap with issues being resolved in the underlying litigation. *See* 6 Cal. 4th at 301–02. The court explained:

> For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the [coverage] action should be stayed. By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the [coverage] action may properly proceed to judgment.

---

[1] Provide also sued its two other insurers, Hartford Insurance Company and Certain Underwriters at Lloyd's, London, but the Court dismissed Provide's claims against these Defendants after the relevant parties settled. (*See* ECF Nos. 19, 33.)

*See id.* at 302.  Sentry contests its liability in this case by arguing that Provide intentionally defrauded its customers, leading to the Underlying Action.  Hence, Provide argued a stay was warranted under *Montrose* because this case presents "the classic situation in which the [coverage] action should be stayed."  *See id.* at 302. (*See* ECF No. 108.)

When the Court considered Provide's stay motion in 2014, the Underlying Action had resulted in a class action settlement, but the settlement was on appeal. The Court reasoned that there was thus "the potential that the settlement may be negated on appeal and the litigation reopened."  (ECF No. 116.)  Consequently, the Court granted Provide's motion to stay and required Provide to file a status report after the Ninth Circuit ruled on the appeal.  (*Id.*)

Ultimately, the Ninth Circuit affirmed the settlement in the Underlying Action but remanded the matter for the Court to recalculate the appropriate fee award for the plaintiffs' class counsel.  As the Court emphasized in its most recent order in the Underlying Action, "[t]he fairness or validity of the settlement" is no longer before the Court.  Underlying Action, ECF No. 367.  "[T]he Court already determined that the settlement was fair and entered judgment," and the Court of Appeals "affirmed the fairness determination."  *Id.*  Therefore, although ancillary proceedings continue regarding the appropriate amount of attorney's fees for class counsel and now potentially the counsel for the objector to the settlement, Provide's liability is not being adjudicated.  Further, given the procedural posture of the Underlying Action, the Court finds the rationale for a *Montrose* stay is inapposite, and the "circumstances of [this] particular case" no longer justify a stay.  *See Nken*, 556 U.S. at 433.

That said, although the Court originally stayed this case in light of *Montrose*'s rationale, the stay became justified on an alternative ground when Provide filed for bankruptcy. (*See* ECF No. 151.)  By then, Provide was known as Provide Commerce,

LLC, and the entity was a subsidiary of FTD Companies, Inc.[2] FTD Companies and its subsidiaries filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the District of Delaware. The bankruptcy court is jointly administrating the cases—including Provide's bankruptcy—under the caption *In re FTD Companies, Inc.*, No. 19-11240 (LSS) (Bankr. Del. 2019) ("Bankruptcy Action"). Further, Provide's bankruptcy filing automatically stayed Sentry's Counterclaim against the entity. *See* 11 U.S.C. § 362.

The bankruptcy court has since issued an order confirming the debtor companies' liquidation plan under Chapter 11. Bankruptcy Action, ECF No. 1037. The confirmation order provides:

> 40. The automatic stay imposed by section 362(a) of the Bankruptcy Code and the injunctions set forth in the Plan, if and to the extent applicable, shall be deemed lifted with respect to *Provide Commerce v. Sentry Insurance, et al.*, and Sentry Insurance's Counterclaim therein, Case No. 12-cv-00516 (the "Sentry Litigation") without further order of this Bankruptcy Court. Further, following the occurrence of the Effective Date, neither the automatic stay nor the injunctions set forth in the Plan or any other terms in the Plan or this Confirmation Order shall prevent Sentry Insurance from proceeding with investigation, discovery, and litigation regarding the Sentry Litigation in the United States District Court for the Southern District of California (the "California District Court"). Sentry Insurance may move the California District Court to lift the stay imposed of the Sentry Litigation by the California District Court at any time after March 1, 2020, and proceed with investigation, discovery and litigation of the Sentry Litigation in the California District Court.

(*Id.*) Regardless of whether Sentry should have since filed a motion to lift the stay, the bankruptcy court's order plainly provides that the automatic stay "shall be deemed lifted . . . without further order of this Bankruptcy Court." (*Id.*) Thus, the Bankruptcy Code's automatic stay no longer applies here.

---

[2] According to bankruptcy records, Provide is now known as GUE Liquidation Commerce LLC. For continuity, the Court continues to refer to the entity as Provide.

In sum, the Court finds a stay under *Montrose*, 6 Cal. 4th 287, is no longer appropriate. Nor is a stay justified in light of Provide's bankruptcy filing. Accordingly, the Court **LIFTS** the stay in this matter. The Court **ORDERS** the parties to contact the Magistrate Judge's chambers no later than **Friday, June 12, 2020**, to schedule a case management conference.

**IT IS SO ORDERED.**

DATED: June 2, 2020

Hon. Cynthia Bashant
United States District Judge